| | | | |
|---|---|---|---|
| STATE OF INDIANA | ) | IN THE _SUPERIOR_ COURT | |
| | ) SS: | | |
| COUNTY OF _PUTNAM_ | ) | OF _PUTNAM_ COUNTY | |

_Johnny White_, )
    Petitioner, )
        v. _Zatecky_ )
~~Brian Smith Zatecky~~ _Warden_, )
~~STATE OF INDIANA~~, )
    Respondent. )

CAUSE NO. _2:21-cv-00130-JMS-DLP_

**FILED**
**03/01/2021**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

## VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

The Petitioner, _Johnny White_, pro se, and pursuant to Indiana Code 34-25.5-1 et seq., respectfully requests this Court to issue a Writ of Habeas Corpus. In support of the Petition, the Petitioner states the following:

1. This Petition is made and writ applied for on behalf of _Johnny White_, who is unlawfully restrained of his/her liberty and falsely imprisoned in _Putnamville Corr. Facility, 1946 W. U.S. HWY 40 GreenCastle, IN. 46135_ by Respondent(s) herein in his/her/their (choose) capacity as _Warden of Putnamville Corr. Facility_

2. To the best of Petitioner's knowledge and belief, he is being held in said facility on the alleged grounds that _He violated the terms of his parole agreement, ~~failure to call in~~ report, violation of rule #7 Warrant issued on 3/16/2020. He was arrested on 4/5/2020. The charge Battery. He was denied a preliminary hearing and proper notice of alleged violation._

THIS IS ONLY AN EXAMPLE, DELETE AFTER INSERTING REASONS ABOVE [supply reason, like commitment, detainer, etc. - give cause number and identifying information if possible].

3. The detention is illegal in that _Pursuant to Indiana law 11-13-3-9, Parole violation, Preliminary Hearing, (a) Upon the arrest and confinement of a parolee for an alleged violation of a condition to remaining on parole, an employee of the dept. (other than the employee who reported or investigated the alleged violation or who_

THIS IS ONLY AN EXAMPLE, DELETE AFTER INSERTING REASONS ABOVE [specify reason detention is illegal, i.e., invalid commitment, violation constitutional rights, etc.].

1.

recommended revocation) shall hold a preliminary hearing to determine whether there is probable cause to believe a violation of a condition has occurred. The hearing shall be held without [unnecessary] delay. In connection with the preliminary hearing, the parolee is entitled to:
(1) appear and speak in his own behalf;
(2) call witnesses and present evidence;
(3) Confront and cross-examine witnesses, unless it would subjest the witness to substancial risk of harm.
(4) A written statement of the findings of fact and the evidence relied upon;

(E.) Unless good cause for the delay is established in the record of proceeding, the parole revocation charge shall be dismissed if the preliminary hearing is not held within ten (10) days after the arrest

(F.) A parolee may waive his right to a preliminary hearing. However, (F.) does not apply in this present case.

Execution of a waiver document absent an arrest on any new charge started a chain of

2.

events that denied the parolee the opportunity to have probable cause for a parole violation established and denied him the disposition of criminal charges in a reasonably timely manner, which he could not reasonably have foreseen, and he could not simple be held until his original sentence expired, with no determination of probable cause for a parole violation. In violation of his constitutional right of the (14) Fourteenth amendment of the U.S. Constitution, Due process.

Also, Petitioners due process was violated. Indiana Code 11-13-6-7, Violation of parole Conditions. Provides the petitioner with a right to be given notice, (a)(2)(c)(4) that probable cause is found to exist, even if he waived the preliminary hearing, he is to be given notice of the probable cause and in, (5) given notice of the possible sanction. This was not done.

4. No previous application has been made for this Writ or the relief sought.

5. The Petitioner is entitled to immediate release from the unlawful detention.

**WHEREFORE**, the Petitioner, by counsel, respectfully requests the following relief:

A. A Writ of Habeas Corpus be issued and that an early date for a hearing on the return of the Writ be set;

B. Immediately after hearing on the return, Petitioner be discharged from the custody of the Respondent(s); and

C. All other relief as the Court may deem just and proper under the circumstances.

Respectfully submitted,

X *Johnny White*

Johnny White, *Pro se*,
Putnamville Correctional Facility
1946 West US Hwy 40
Greencastle, In. 46135

## VERIFICATION

I, Johnny White, do hereby affirm, under the penalties for perjury pursuant to I.C. 35-44.1-2-1, that the foregoing representations are true and correct to the best of my knowledge and belief.

X *Johnny White*
Affiant

4.